MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

DANIEL CERVANTES, ISMAEL GARCIA
BRIAGUEZ, JOSE MIGUEL FLORES,
EUSTACHIO GONZALES, LUIS
TENELANDA BACULIMA and JORGE
TENESACA, *individually and on behalf of
others similarly situated,*

                    *Plaintiffs*,

       -against-

ANDR SERVICES GROUP INC.  (D/B/A
ANDR CONSTRUCTION), DPC NEW
YORK INC. (d/b/a DP CONSULTING), DP
CONSULTING CORP. (d/b/a DP
CONSULTING), PATRICIO ANDRADE,
OSCAR VERA, THOMAS PEPE and JOE
GRAJA,

                    *Defendants.*

------------------------------------------------------X

                                   **COMPLAINT**

                            **COLLECTIVE ACTION UNDER**
                  **29 U.S.C. § 216(b) AND RULE 23**
                              **CLASS ACTION**

                                   **ECF Case**

      Plaintiffs Daniel Cervantes, Ismael Garcia Briaguez, Jose Miguel Flores, Eustachio

Gonzales, Luis Tenelanda Baculima and Jorge Tenesaca, individually and on behalf of others

similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace &

Associates, P.C., upon their knowledge and belief, and as against ANDR Services Group Inc.

(d/b/a ANDR Construction), DPC NEW YORK INC. (d/b/a DP CONSULTING), DP

CONSULTING CORP. (d/b/a DP CONSULTING), ("Defendant Corporations"), Patricio

Andrade,  Oscar Vera, Thomas Pepe and  Joe Graja, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants ANDR Services Group Inc. (d/b/a ANDR Construction), DPC NEW YORK INC. (d/b/a DP CONSULTING), previously DP CONSULTING CORP. (d/b/a DP CONSULTING), Patricio Andrade, Oscar Vera, Thomas Pepe and Joe Graja.

2.       Defendants own, operate, or control two construction companies located at 36-27 31st St., Suite 5, Long Island City, NY 11106 under the name "ANDR Construction" and at 420 Madison Avenue, 14th floor, New York, New York 10017 under the name DP Consulting.

3.      Upon information and belief, individual Defendants Patricio Andrade, Oscar Vera, Thomas Pepe and Joe Graja, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the construction companies as a joint or unified enterprise.

4.      Plaintiffs were employees of Defendants.

5.      Plaintiffs were employed as construction workers, scaffold workers, mechanics, brick layers, demolition workers and restoration workers in Manhattan projects for the construction companies located at 36-27 31st St., Suite 5, Long Island City, NY 11106 and 420 Madison Avenue, 14th floor, New York, New York 10017.

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, and Defendants operate two construction companies with projects in this district.  Further, Plaintiffs were employed by Defendants to work in this district.

## PARTIES

### *Plaintiffs*

15.    Plaintiff Daniel Cervantes ("Plaintiff Cervantes" or "Mr. Cervantes") is an adult individual residing in Queens County, New York. Plaintiff Cervantes was employed by Defendants to work at construction projects in Manhattan for ANDR Construction from approximately December 2019 until on or about June 2021.

16.    Plaintiff Ismael Garcia Briaguez ("Plaintiff Garcia" or "Mr. Garcia") is an adult individual residing in Queens County, New York. Plaintiff Garcia was employed by defendants to work at construction projects in Manhattan for ANDR Construction from approximately September 2019 until on or about June 2021.

17.    Plaintiff Jose Miguel Flores ("Plaintiff Flores" or "Mr. Flores") is an adult individual residing in Queens County, New York. Plaintiff Flores was employed by Defendants to work at construction projects in Manhattan for ANDR Construction for approximately four months in 2018 and from approximately February 2020 until on or about June 2021.

18.    Plaintiff Eustachio Gonzales ("Plaintiff Gonzales" or "Mr. Gonzales") is an adult individual residing in Queens County, New York. Plaintiff Gonzales was employed by Defendants to work at construction projects in Manhattan for ANDR Construction from approximately 2019 until on or about March 2021.

19.     Plaintiff Luis Tenelanda Baculima ("Plaintiff Tenelanda" or "Mr. Tenelanda") is an adult individual residing in Queens County, New York. Plaintiff Tenelanda was employed by Defendants to work at construction projects in Manhattan for ANDR Construction from approximately 2015 until on or about September 2018.

20.     Plaintiff Jorge TENESACA ("Plaintiff Tenesaca" or "Mr. Tenesaca") is an adult individual residing in Queens County, New York. Plaintiff Tenesaca was employed by Defendants to work at construction projects in Manhattan for ANDR Construction from approximately 2005 until on or about June 28, 2021.

*Defendants*

21.     At all relevant times, Defendants owned, operated, or controlled two construction companies, located at 36-27 31st St., Suite 5, Long Island City, NY 11106 under the name "ANDR Construction" and at 420 Madison Avenue, 14th Floor, New York, NY 10017 under the name DP consulting.

22.     Upon information and belief, ANDR Services Group Inc. (d/b/a ANDR Construction) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 36-27 31st St., Suite 5, Long Island City, NY 11106.

23.     Upon information and belief, DPC New York Inc., (d/b/a DP Consulting), is a domestic corporation organized and existing under the laws of the state of New York.  DPC New York Inc. maintains its principal place of business at 420 Madison Avenue, 14th floor, New York, New York 10017 (previously 303 Fifth Avenue, Suite 603, New York, New York 10016).

24.     Defendant Patricio Andrade is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Patricio Andrade is sued

individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Patricio Andrade possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.    Defendant Oscar Vera is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Oscar Vera is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Oscar Vera possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.    Defendant Thomas Pepe  is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Thomas Pepe  is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Thomas Pepe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Joe Graja is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joe Graja is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Joe Graja possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.     Defendants operate two construction companies known as ANDR Construction and DP consulting which perform construction projects at different locations in Manhattan.

29.     Individual Defendants, Patricio Andrade, Oscar Vera, Thomas Pepe and Joe Graja, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

30.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

32.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

34. Upon information and belief, Individual Defendants Patricio Andrade, Oscar Vera, Thomas Pepe and Joe Graja operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

   b) defectively forming or maintaining the corporate entities of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

   f) intermingling assets and debts of their own with Defendant Corporations,

   g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

35. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled

the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

36.     In each year from 2015 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction companies on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

38.     Plaintiffs are former employees of Defendants who were employed as construction workers, scaffold workers, mechanics, brick layers, demolition workers   and restoration workers.

39.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Daniel Cervantes*

40.     Plaintiff Cervantes was employed by Defendants from approximately December 2019 until on or about June 2021.

41.     Defendants employed Plaintiff Cervantes as a Brick layer and construction worker.

42.     Plaintiff Cervantes regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

43.     Plaintiff Cervantes's work duties required neither discretion nor independent judgment.

44.     From approximately December 2019 until on or about October 2020, Plaintiff Cervantes worked from approximately 8:00 a.m. until on or about 4:30 p.m., Mondays through

Fridays and the same schedule on Saturdays two weeks each month (typically 40 to 48 hours per week).

45. From approximately November 2020 until on or about June 2021, Plaintiff Cervantes worked from approximately 9:00 a.m. until on or about 5:00 p.m., Mondays through Fridays (typically 40 hours per week).

46. Throughout his employment, Defendants paid Plaintiff Cervantes his wages by check.

47. From approximately December 2019 until on or about June 2021, Defendants paid Plaintiff Cervantes $35.00 per hour.

48. For a period of five weeks in 2021, Defendants did not pay Plaintiff Cervantes any wages for his work; thus, in addition to the unpaid overtime premiums, Defendants owe Plaintiff Cervantes an additional $7000 in unpaid wages.

49. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cervantes regarding overtime and wages under the FLSA and NYLL.

50. Defendants did not provide Plaintiff Cervantes an accurate statement of wages, as required by NYLL 195(3).

51. Defendants did not give any notice to Plaintiff Cervantes, in English and in Spanish (Plaintiff Cervantes's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52. Defendants required Plaintiff Cervantes to purchase "tools of the trade" with his own funds—including construction tools.

*Plaintiff Ismael Garcia Briaguez*

53.     Plaintiff Garcia was employed by Defendants from approximately September 2019 until on or about June 2021.

54.     Defendants employed Plaintiff Garcia as a laborer and scaffold worker.

55.     Plaintiff Garcia regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

56.     Plaintiff Garcia's work duties required neither discretion nor independent judgment.

57.     From approximately September 2019 until on or about March 2020, Plaintiff Garcia worked from approximately 8:00 a.m. until on or about 4:30 p.m. Mondays through Fridays and the same schedule on four Saturdays (typically 40 to 48 hours per week).

58.     From approximately March 2020 until on or about January 2021, Plaintiff Garcia worked from approximately 8:00 a.m. until on or about 4:30 p.m.  three to four days a week (typically 24 to 32 hours per week).

59.     From approximately February 2021 until on or about June 2021, Plaintiff Garcia worked from approximately 8:00 a.m. until on or about 4:30 p.m. Mondays through Fridays (typically 40 hours per week).

60.     Throughout his employment, Defendants paid Plaintiff Garcia his wages by personal check.

61.     From approximately September 2019 until on or about December 2020, Defendants paid Plaintiff Garcia $30.00 per hour.

62.     From approximately January 2021 until on or about June 2021, Defendants paid Plaintiff Garcia $32.00 per hour.

63.     For a period of 6 weeks in 2021, Defendants did not pay Plaintiff Garcia any wages for his work; thus, in addition to the unpaid overtime premiums, Defendants owe Plaintiff Garcia an additional $7680 in unpaid wages.

64.     Prior to May 2021, Plaintiff Garcia was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

65.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Garcia regarding overtime and wages under the FLSA and NYLL.

66.     Defendants did not provide Plaintiff Garcia an accurate statement of wages, as required by NYLL 195(3).

67.     Defendants did not give any notice to Plaintiff Garcia of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

68.     Defendants required Plaintiff Garcia to purchase "tools of the trade" with his own funds—including harnesses, locks and boots.

*Plaintiff Jose Miguel Flores*

69.     Plaintiff Flores was employed by Defendants for a period of 4 months in 2018 and from approximately February 2020 until on or about June 2021.

70.     Defendants employed Plaintiff Flores as a brick layer and demolition worker.

71.     Plaintiff Flores regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

72.     Plaintiff Flores's work duties required neither discretion nor independent judgment.

73.     From approximately February 2020 until on or about June 2021, Plaintiff Flores worked from approximately 8:00 a.m. until on or about 4:30 p.m., Mondays through Fridays (typically 40 hours per week).

74.     Throughout his employment, Defendants paid Plaintiff Flores his wages by personal check.

75.     From approximately February 2020 until on or about June 2021, Defendants paid Plaintiff Flores $33.00 per hour.

76.     For a period of five weeks in 2021(27 days) and 3 days in 2020 , Defendants did not pay Plaintiff Flores any wages for his work; thus, in addition to the unpaid overtime premiums, Defendants  owe Plaintiff Flores an additional $7920 in unpaid wages.

77.     Prior to April 2021, Plaintiff Flores was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

78.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Flores regarding overtime and wages under the FLSA and NYLL.

79.     Defendants did not provide Plaintiff Flores an accurate statement of wages, as required by NYLL 195(3).

80.     Defendants did not give any notice to Plaintiff Flores, in English and in Spanish (Plaintiff Flores's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

81.     Defendants required Plaintiff Flores to purchase "tools of the trade" with his own funds—including construction tools.

*Plaintiff Eustachio Gonzales*

82.     Plaintiff Gonzales was employed by Defendants from approximately 2019 until on or about March 2021.

83.     Defendants employed Plaintiff Gonzales as a Brick layer and construction worker.

84.     Plaintiff Gonzales regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

85.     Plaintiff Gonzales's work duties required neither discretion nor independent judgment.

86.     From approximately 2019 until on or about March 2021, Plaintiff Gonzales worked from approximately 8:00 a.m. until on or about 4:30 p.m., Mondays through Fridays and the same schedule on Saturdays most weeks each month (typically 40 to 48 hours per week).

87.     Throughout his employment, Defendants paid Plaintiff Gonzales his wages by check.

88.     From approximately 2019 until on or about March 2021, Defendants paid Plaintiff Gonzales $35.00 per hour.

89.     For a period of two weeks  and three days in 2021, and four days in 2019 , Defendants did not pay Plaintiff Gonzales any wages for his work; thus, in addition to the unpaid overtime premiums, Defendants  owe Plaintiff Gonzales an additional $4760 in unpaid wages.

90.     Plaintiff Gonzales was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

91.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gonzales regarding overtime and wages under the FLSA and NYLL.

92.     Defendants did not provide Plaintiff Gonzales an accurate statement of wages, as required by NYLL 195(3).

93.     Defendants did not give any notice to Plaintiff Gonzales, in English and in Spanish (Plaintiff Gonzales's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

94.     Defendants required Plaintiff Gonzales to purchase "tools of the trade" with his own funds—including construction tools.

*Plaintiff Luis Tenelanda Baculima*

95.     Plaintiff Tenelanda was employed by Defendants from approximately 2015 until on or about September 2018.

96.     Defendants employed Plaintiff Tenelanda as a construction worker.

97.     Plaintiff Tenelanda regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

98.     Plaintiff Tenelanda's work duties required neither discretion nor independent judgment.

99.     From approximately September 2015 until on or about September 2018, Plaintiff Tenelanda worked from approximately 8:00 a.m. until on or about 4:30 p.m. four days a week and from approximately 8:00 a.m. until on or about 6:00 p.m. one day a week one week per month (typically 44 hours per week).

100.    From approximately September 2015 until on or about September 2018, Plaintiff Tenelanda worked from approximately 8:00 a.m. until on or about 4:30 p.m. four days a week and from approximately 8:00 a.m. until on or about 6:00 p.m. two days per week (typically 54 hours per week).

101.    Throughout his employment, Defendants paid Plaintiff Tenelanda his wages by check.

102.    From approximately September 2015 until on or about September 2018, Defendants paid Plaintiff Tenelanda$150.00 per day.

103.    For a period of approximately eight weeks in 2018, Defendants did not pay Plaintiff Tenelanda any wages for his work; thus, in addition to the unpaid overtime premiums, Defendants owe Plaintiff Tenelanda an additional $7600 in unpaid wages.

104.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Tenelanda regarding overtime and wages under the FLSA and NYLL.

105.    Defendants did not provide Plaintiff Tenelanda an accurate statement of wages, as required by NYLL 195(3).

106.    Defendants did not give any notice to Plaintiff Tenelanda, in English and in Spanish (Plaintiff Tenelanda's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

107.    Defendants required Plaintiff Tenelanda to purchase "tools of the trade" with his own funds—including construction tools.

*Plaintiff Jorge Tenesaca*

108.    Plaintiff Tenesaca was employed by Defendants from approximately 2005 until on or about June 28, 2021.

109.    Defendants employed Plaintiff Tenesaca as a mechanic.

110.    Plaintiff Tenesaca regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

111.    Plaintiff Tenesaca's work duties required neither discretion nor independent judgment.

112.     From approximately September 2015 until on or about November 2019, Plaintiff Tenesaca worked from approximately 8:00 a.m. until on or about 4:30 p.m. Mondays through Fridays and the same schedule on Saturdays two weeks per month (typically 40 to 48 hours per week).

113.     From approximately February 2020 until on or about June 28, 2021, Plaintiff Tenesaca worked from approximately 8:00 a.m. until on or about 4:30 p.m., Mondays through Fridays (typically 40 hours per week).

114.     Throughout his employment, Defendants paid Plaintiff Tenesaca his wages by check or by personal check.

115.     From approximately September 2015 until on or about June 28, 2021, Defendants paid Plaintiff Tenesaca $40.00 per hour.

116.     For a period of five weeks in 2021, Defendants did not pay Plaintiff Tenesaca any wages for his work; thus, in addition to the unpaid overtime premiums, Defendants owe Plaintiff Tenesaca an additional $8000 in unpaid wages.

117.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Tenesaca regarding overtime and wages under the FLSA and NYLL.

118.     Defendants did not provide Plaintiff Tenesaca an accurate statement of wages, as required by NYLL 195(3).

119.     Defendants did not give any notice to Plaintiff Tenesaca, in English and in Spanish (Plaintiff Tenesaca's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

120.     Defendants required Plaintiff Tenesaca to purchase "tools of the trade" with his own funds—including construction tools.

*Defendants' General Employment Practices*

121.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

122.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked...

123.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

124.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

125.     Defendants paid Plaintiffs their wages by personal checks which did not show the number of hours worked each week.

126.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

127.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

128.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

129.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

130.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

131.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

132.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf

of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

133.    At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

134.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

135.    Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

136.    Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

137.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

138.    There are questions of law and fact common to the Class including:

a)  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)  Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

f)  What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

139.   The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

140.   The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

141.   The common questions of law and fact predominate over questions affecting only individual members.

142.     A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

143.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

144.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

145.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

146.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

147.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

148.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate.

149.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

150.     Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

151.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

152.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

153.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

154.     Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

155.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

156.     At all times relevant to this action, Defendants were Plaintiffs' (and the Rule 23 Class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

157.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the Rule 23 Class members) less than the minimum wage.

158.     Defendants' failure to pay Plaintiffs (and the Rule 23 Class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

159.     Plaintiffs (and the Rule 23 Class members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

160.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

161.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs (and the Rule 23 Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

162.     Defendants' failure to pay Plaintiffs (and the Rule 23 Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

163.     Plaintiffs (and the Rule 23 Class members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

164.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

165.     Defendants failed to provide Plaintiffs (and the Rule 23 Class members) with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

166.     Defendants are liable to each Plaintiff (and the Rule 23 Class members) in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

167.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

168.     With each payment of wages, Defendants failed to provide Plaintiffs (and the Rule 23 Class members) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

169.    Defendants are liable to each Plaintiff (and the Rule 23 Class members) in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

170.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

171.    Defendants required Plaintiffs (and the Rule 23 Class members) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

172.    Plaintiffs (and the Rule 23 Class members) were damaged in an amount to be determined at trial.

## EIGHT CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

173.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

174.    Defendants did not pay Plaintiffs (and the Rule 23 Class members) on a regular weekly basis, in violation of NYLL §191.

175.    Defendants are liable to each Plaintiff (and the Rule 23 Class members) in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(f)     Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the Rule 23 class members;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the Rule 23 class members;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' (and the Rule 23 class members') compensation, hours, wages and any deductions or credits taken against wages;

(k)     Awarding Plaintiffs and the rule 23 class members damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(l)     Awarding Plaintiffs and the Rule 23 class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiffs and the Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiffs and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiffs and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

     (q)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

   Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
       September 29, 2021

                          MICHAEL FAILLACE & ASSOCIATES, P.C.

                 By:       /s/ Michael Faillace
                    Michael Faillace [MF-8436]
                    60 East 42nd Street, Suite 4510
                    New York, New York 10165
                    Telephone: (212) 317-1200
                    Facsimile: (212) 317-1620
                    *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 24, 2021

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                           Daniel  Cervantes

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                            24 de agosto 2021

Certified as a minority-owned business in the State of New York

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

August 30, 2021

BY ELECTRONIC SIGNATURE

TO:      Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Ismael Garcia Briaguez

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          30 de Agosto 2021

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

September 29, 2021

BY ELECTRONIC SIGNATURE

TO:      Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Jose Miguel Flores

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           29 de Septiembre de 2021

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

September 07, 2021

BY ELECTRONIC SIGNATURE

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Eustachio Gonzales

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                            07 de Septiembre del 2021

1

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

September 16, 2021

BY ELECTRONIC SIGNATURE

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Luis Tenelanda Baculima

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           16 de septiembre de 2021

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

August 23, 2021

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Jorge Tenesaca

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          23 de Agosto 2021