UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
DANIEL CERVANTES et al.,                                             :
                                                                     :
                                    Plaintiffs,                      :
                                                                     :         21-CV-8099 (JMF)
               -v-                                                   :
                                                                     :              ORDER
ANDR SERVICES GROUP INC. et al.,                                     :
                                                                     :
                                    Defendants.                      :
                                                                     :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      The Court has been informed that the parties reached agreement on all issues in this matter.  *See* ECF No. 130.  The Court commends and congratulates the parties on reaching an amicable resolution.  That said, the Court reminds the parties that the trial date is a firm date and that it will not be adjourned on account of a settlement in principle.  *See* ECF Nos. 111, 128.  Put differently, all dates and deadlines — including the conference on **October 24, 2023**, the final pretrial conference on **October 26, 2023**, and the **October 30, 2023 trial date** — remain in effect unless and until the case is dismissed.

      Significantly, because this case involves claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, dismissal may require judicial approval.  Specifically, to the extent that the parties' settlement contemplates dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure, the settlement — including any attorney's fee award — must be approved by the Court.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court . . . to take effect"); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (identifying factors a court may consider in evaluating a proposed FLSA settlement and a proposed attorney's fee award).  By contrast, judicial approval is ***not*** required for a settlement by way of a Rule 68(a) offer of judgment.  *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019).

      Assuming that the parties' settlement contemplates dismissal pursuant to Rule 41, there are two ways the parties could seek judicial approval before trial.  First, the parties could file their settlement agreement along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*.  *See Wolinsky*, 900 F. Supp. 2d at 335-36.  Alternatively, the parties could (at the October 24, 2023 conference or otherwise) put the material terms of their settlement on

the record in open Court and explain orally why the settlement should be approved.[1] In either case, the parties should also address the proposed attorney's fee award and provide contemporaneous billing records regarding the same.

In addition, the parties are advised that the Court will not approve any settlement agreement containing any of the following provisions:

- a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14-CV-4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015);

- a release or waiver provision that releases or waives claims that have not accrued or claims unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release. *See, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); or

- a clause that bars a plaintiff from making negative statements about a defendant unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating his case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out. *See, e.g.*, *Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

In the event that the settlement agreement does contain any of these provisions, the parties should indicate whether the parties want the Court, in the alternative, to consider for approval the settlement agreement with the provision(s) stricken (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding any confidentiality provision). *Cf. Fisher v. SD Protection Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (holding that a district court may approve or reject a settlement of FLSA claims, but may not modify the agreement itself).

SO ORDERED.

Dated: October 20, 2023
      New York, New York

                                       JESSE M. FURMAN
                                       United States District Judge

---

[1] In light of the settlement, the Court would be open to conducting the October 24, 2023 conference by telephone. It would also be open to holding the conference (in person or by telephone) on October 23, 2023, to expedite the approval process. The parties should confer and file a letter motion if they want the Court to do either of those things.